IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| RICHARD I. LOHR, II, as          )<br>Administrator of the Estate )<br>of Charles David Fancher,    )<br>Deceased,                     )<br>                              )<br>    Plaintiff,               )<br>                              )<br>    v.                        )<br>                              )<br>JOSEPH EARL ZEHNER, III,      )<br>et al.,                       )<br>                              )<br>    Defendants.               ) | CIVIL ACTION NO.<br>  2:12cv533-MHT<br>       (WO) |

OPINION AND ORDER

Plaintiff Richard I. Lohr, II, as administrator of the estate of Charles David Fancher, filed this wrongful-death lawsuit against defendants Joseph Earl Zehner, III and United Parcel Service, Inc. (UPS), among others. The lawsuit arises out of a series of highway collisions that resulted in Fancher's death. The cause is before the court on administrator Lohr's motion to exclude the testimony of Zehner and UPS's proffered expert Dr. Gordon J. Kirschberg from testifying before the jury.

I.   LEGAL STANDARD

Fed. R. Evid. 702 allows experts to offer opinion testimony if:

> "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> "(b) the testimony is based on sufficient facts or data;
>
> "(c) the testimony is the product of reliable principles and methods; and
>
> "(d) the expert has reliably applied the principles and methods to the facts of the case."

Fed. R. Evid. 702.  If an expert's testimony is otherwise admissible, he may testify to the ultimate issue in a civil case.  Fed. R. Evid. 704(a).

Before an expert may testify, the court must play a gatekeeping role to ensure that the testimony is reliable.  See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999); Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993).  Even if part of an expert's testimony is

based on unreliable methodology, the court should allow those parts that are reliable and admissible. <u>United Fire and Cas. Co. v. Whirlpool Corp.</u>, 704 F.3d 1338, 1342 (11th Cir. 2013).

## II. BACKGROUND

The facts of this case are complex and disputed. However, it is undisputed that early in the morning, before sunrise, Zehner was driving a UPS tractor-trailer on an interstate highway, when he collided with the rear of another tractor-trailer, and his truck turned on its side, blocking the highway.  Less than a half hour later, Fancher approached Zehner's upturned truck, collided with it, and died.

Immediately after Fancher's collision, Zehner told a number of people that he must have fallen asleep before his collision with the other tractor-trailer.  However, Zehner and UPS now argue that he was in shock and had suffered a traumatic brain injury at the time of those

statements.  As a result, they argue that he temporarily lost his memory of the minutes immediately preceding the collision and was confused when he told people he had fallen asleep.

## III. DISCUSSION

Zehner and UPS proffer Dr. Kirschberg as an expert in neurology, and no party challenges his qualifications. Furthermore, in his motion to exclude, administrator Lohr does not seem to argue that Dr. Kirschberg could not opine generally about the nature and symptoms of mild concussions, retrograde amnesia, and post-traumatic amnesia, including reasons why a mild concussion may not always be diagnosed.  However, he argues that the doctor's opinion as to whether Zehner actually experienced a brain injury and corresponding amnesia is not reliable.  He argues that the opinion is not based on sufficient facts or data, are not the product of reliable principles, and would not be helpful to the jury.

4

Dr. Kirschberg bases his opinion that Zehner suffered a mild concussion, retrograde amnesia, and post-traumatic amnesia on reading Zehner's deposition and on an in-person interview with him more than two years after the collisions, as well as the fact, documented in his medical records, that he broke ribs during the collision. The factual basis of the doctor's expert opinion is therefore highly dependent on the truthfulness of Zehner's statements. As the doctor testified in deposition, "If the history is false, then the diagnosis is going to be false." Kirschberg Dep., Pl's Ex. C (Doc. No. 112-3) at 75:14-16.

Although Dr. Kirschberg testified that he found Zehner to be credible, there is no independent basis in his expert report or deposition testimony to support that finding. This is not a case in which a treating doctor has engaged in a number of encounters with a patient. See, e.g. Henderson v. Goodyear Dunlop Tires N.A. Ltd., 2013 WL 5729377 at *4-*5 (M.D. Ala. Oct. 22, 2013) (Watkins,

5

C.J.); <u>Deramus v. Saia Motor Freight Line</u>, 2009 WL 1664085 (M.D. Ala. Jun. 15, 2009) (Fuller, C.J.).  In this case, Dr. Kirschberg's factual basis is nearly identical to the testimony that the jury will hear: Zehner's own recollections, after two years had passed, of his purported symptoms.  Therefore, such a credibility determination is not sufficiently reliable to go before a jury as expert opinion.

In order to separate Dr. Kirschberg's scientifically grounded expert opinions from the non-expert credibility determination, he will be permitted to opine generally about concussions and amnesia conditions and to describe the ways in which Zehner's description of his symptoms is consistent with such conditions.  However, without advance approval from the court, Dr. Kirschberg will not be permitted to state whether, in his opinion, Zehner actually sustained a concussion or experienced amnesia.

\* \* \*

Accordingly, it is ORDERED that plaintiff administrator Richard I. Lohr, II's motion to exclude the testimony of Dr. Gordon J. Kirschberg (doc. no. 112) is provisionally granted in part and denied in part as set forth in the above opinion.

DONE, this the 8th day of July, 2014.

      /s/ Myron H. Thompson
  UNITED STATES DISTRICT JUDGE